**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2014**

YONGZHE TIAN,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 21, 2017                           Decided: March 31, 2017

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Zhong Yue Zhang, Flushing, New York, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Keith I. McManus, Assistant Director, Scott M. Marconda, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yongzhe Tian, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision finding that his asylum application was untimely and that he did not meet his burden of showing that he was eligible for withholding of removal or protection under the Convention Against Torture (CAT). For the reasons set forth below, we dismiss in part and deny in part the petition for review.

Under 8 U.S.C. § 1158(a)(3) (2012), the agency's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. *See Mulyani v. Holder,* 771 F.3d 190, 196-97 (4th Cir. 2014); *Gomis v. Holder,* 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2012) provides that provisions under the Immigration and Nationality Act which limit or eliminate judicial review shall not be construed as precluding review of constitutional claims or questions of law, we have held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances." *Gomis,* 571 F.3d at 358; *see Mulyani,* 771 F.3d at 197. Accordingly, our "power to review an IJ's determination . . . survive[s] the limitation in § 1158(a)(3) only if the appeal present[s] a constitutional claim or question of law." *Mulyani,* 771 F.3d at 197. Because Tian does not raise a constitutional claim or a question of law concerning the

2

finding that his asylum application was untimely, we dismiss in part the petition for review.

Concerning Tian's challenges to the denial of withholding of removal and protection under the CAT, we have thoroughly reviewed the record, including the transcript of Tian's merits hearings and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 (1992). Accordingly, we deny in part the petition for review.

We dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*